James Weiler, AZ Bar No. 034371
Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
JWeiler@zoldangroup.com
MZoldan@zoldangroup.com
JMiller@zoldangroup.com

Attorneys for Plaintiff
Makayla Waling

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Makayla Waling**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **AN Chevrolet-Arrowhead, Inc. d/b/a Auto Nation Chevrolet Arrowhead,** a Delaware Corporation, | |
| | **(Jury Trial Requested)** |
| Defendant. | |

Plaintiff Makayla Waling ("**Plaintiff**"), for her Complaint against Defendant AN Chevrolet-Arrowhead, Inc. d/b/a Auto Nation Chevrolet Arrowhead ("**Defendant**") hereby alleges as follows:

### PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant is Delaware corporation, which is registered to conduct business and is currently doing business in the State of Arizona.

## JURISDICTION AND VENUE

3. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

5. Plaintiff's state law claims under the Arizona Civil Rights Act, A.R.S. §41-1461 *et seq.* ("ACRA") are sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367

6. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

7. Plaintiff was, at all relevant times, an employee of Defendant within the meaning of Title VII and the ACRA.

8. At all relevant times, Defendant has continuously been an employer, employing fifteen or more employees within the meaning of Title VII and the ACRA.

9. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff, a female, was an employee of Defendant at

the AutoNation Chevrolet Arrowhead location.

11. Beginning in or about November 2017 through March of 2018, Ms. Waling was sexually harassed and discriminated against by her Manager, Scott Davis, a male.

12. Mr. Davis had the authority to discipline and fire Plaintiff.

13. Mr. Davis' conduct included unwelcomed sexual advances, groping of her butt, inappropriate comments of a sexual nature and requests for Plaintiff to send lewd photographs.

14. Mr. Davis on an almost daily basis would create reasons for Plaintiff to come to his office so that he could make sexual advances and stare at her butt.

15. In or about February 2018, Plaintiff reported Mr. Davis' conduct to Defendant's Human Resources Department and a Department Manager.

16. Despite Plaintiff's reports, Defendant did not take any actions to prevent further comments and harassment.

17. In or about March 2018, Plaintiff confronted Mr. Davis and demanded that he stop sexually harassing her.

18. Shortly thereafter, Mr. Davis revised Plaintiff's work schedule from the morning to the afternoon knowing that this would conflict with Plaintiff's school schedule.

19. When Plaintiff advised Mr. Davis that she could not work this afternoon schedule Mr. Davis stated "you gotta do what you gotta do," suggesting that Plaintiff should resign her employment.

20. In or about the end of March 2018, a second female employee reported Mr. Davis for sexually harassing her.

21. It was after this second report that Defendant finally approached Plaintiff

regarding her reports of sexual harassment.

22. Mr. Davis' employment was terminated by Defendant.

23. Immediately after Mr. Davis' termination, Plaintiff was retaliated against by other co-workers.

24. Plaintiff was told by co-workers that she did not belong working for Defendant, that she was a "dumb cunt", a "little twat", and a "stupid little bitch."

25. Two other male employees pulled her aside and called her a "stupid bitch" and blamed her for the termination of Mr. Davis.

26. Other co-workers would no longer speak with Plaintiff.

27. Defendant did nothing to prevent or stop the retaliation against Plaintiff.

28. Plaintiff felt compelled to resign as a result of the outrageous conduct of Defendant's employees.

29. As a result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT I
## TITLE VII
(Sexual Harassment)

30. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

31. Plaintiff belongs to a protected class in that she is a female.

32. Plaintiff was subjected to severe and pervasive sexual harassment by her direct supervisor, as more fully described *supra*.

33. Plaintiff was subjected to unwelcomed sexual harassment including sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.

34. The harassment was based on sex.

35. The sexual harassment affected a term, condition, or privilege of Plaintiff's employment.

36. Defendant knew or should have known that Plaintiff was experiencing gender discrimination and failed to take remedial action to prevent or promptly correct the harassment.

37. Defendant is vicariously liable for the hostile work environment created by its managers, supervisors and employees.

38. As a result, Plaintiff was harmed in an amount to be proven at trial.

**COUNT II**
**TITLE VII**
**(Retaliation)**

39. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

40. Plaintiff engaged in protected activity when she reported to Defendant and opposed sexual harassment and gender discrimination against her.

41. Plaintiff was subjected to adverse employment actions including, *inter alia*, harassment, material changes to the terms of her employment and termination.

42. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her by Defendant.

43. As a result, Plaintiff was harmed in an amount to be proven at trial.

**COUNT III**
**Arizona Civil Rights Act**
**(Sexual Harassment)**

44. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if

restated herein.

45. The Arizona Civil Rights Act A.R.S. §41-1463 prohibits sexual harassment and the discrimination on the basis of gender.

46. Plaintiff belongs to a protected class in that she is a female.

47. Plaintiff was subjected to severe and pervasive sexual harassment by her direct supervisor, as more fully described *supra*.

48. Plaintiff was subjected to unwelcomed sexual harassment including sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.

49. The harassment was based on sex.

50. The sexual harassment affected a term, condition, or privilege of Plaintiff's employment.

51. Defendant knew or should have known that Plaintiff was experiencing gender discrimination and failed to take remedial action to prevent or promptly correct the harassment.

52. Defendant is vicariously liable for the hostile work environment created by its managers, supervisors and employees.

53. As a result, Plaintiff was harmed in an amount to be proven at trial.

### COUNT IV
### ARIZONA CIVIL RIGHTS ACT
### (Retaliation)

54. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

55. Plaintiff engaged in protected activity when she reported to Defendant and

opposed sexual harassment and gender discrimination against her.

56. Plaintiff was subjected to adverse employment actions including, *inter alia*, harassment, material changes to the terms of her employment and termination.

57. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her by Defendant.

58. As a result, Plaintiff was harmed in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court order such relief as is necessary to make him whole, including, without limitation:

A. Declaring the acts and practices complained of herein are in violation of Title VII and the ACRA;

B. An award of damages for all counts in an amount to be proven at trial;

C. An award of compensatory and punitive damages in an amount to be proven at trial;

D. An award of back pay and front pay;

E. Pre- and post-judgment interest;

F. Reasonable attorneys' fees, costs and other expenses;

G. For such other relief this Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED on January 11, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
14500 N. Northsight Blvd.
Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Makayla Waling