Carrie M. Francis (020453)
Jennifer L. Allen (027941)
**STINSON LEONARD STREET LLP**
Firm Identification Number (00462400)
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 212-8505
Fax: (602) 240-6925
Email: carrie.francis@stinson.com
      jennifer.allen@stinson.com

Attorneys for Defendant AN Chevrolet-Arrowhead, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Makayla Waling, an Arizona resident<br><br>Plaintiff,<br><br>v.<br><br>AN Chevrolet-Arrowhead, Inc. d/b/a Auto Nation Chevrolet Arrowhead, a Delaware corporation,<br><br>Defendant. | No. 2:19-cv-00210-SMB<br><br>**DEFENDANT'S ANSWER**<br><br>**(Jury Trial Requested)** |

Defendant AN Chevrolet-Arrowhead, Inc. d/b/a Auto Nation Chevrolet Arrowhead for its answer to Plaintiff's Complaint, admits, denies and alleges as follows:

## JURISDICTION AND VENUE

1. With respect to paragraph 1 of the Complaint, upon information and belief, Defendant admits the allegations therein.

2. With respect to paragraph 2 of the Complaint, Defendant admits the allegations therein.

3. With respect to paragraph 3 of the Complaint, Defendant admits that the Court has jurisdiction over this case, but denies the remaining allegations in paragraph 3.

4. With respect to paragraph 4 of the Complaint, Defendant admits the allegations therein.

5. With respect to paragraph 5 of the Complaint, Defendant admits the allegations therein.

6. With respect to paragraph 6 of the Complaint, Defendant admits that the United States District Court for the District of Arizona has jurisdiction over this case, but denies the remaining allegations in paragraph 6.

7. With respect to paragraph 7 of the Complaint, Defendant affirmatively alleges and admits that Plaintiff was employed by it within the meaning of Title VII and the ACRA from August 21, 2017 to March 20, 2018, but denies the remaining allegations in paragraph 7.

8. With respect to paragraph 8 of the Complaint, Defendant affirmatively alleges and admits that it continuously employed 15 or more employees within the meaning of Title VII and the ACRA from August 21, 2017 to March 20, 2018, but denies the remaining allegations in paragraph 8.

9. With respect to paragraph 9 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.

**FACTUAL ALLEGATIONS**

10. With respect to paragraph 10 of the Complaint, Defendant affirmatively alleges and admits that Plaintiff is a female and was employed by it from August 21, 2017 to March 20, 2018, but denies the remaining allegations in paragraph 10.

11. With respect to paragraph 11 of the Complaint, Defendant denies the allegations therein.

12. With respect to paragraph 12 of the Complaint, Defendant denies the allegations therein.

13. With respect to paragraph 13 of the Complaint, Defendant denies the allegations therein.

14. With respect to paragraph 14 of the Complaint, Defendant denies the allegations therein.

CORE/0810975.0085/150258103.1

15. With respect to paragraph 15 of the Complaint, Defendant denies the allegations therein.

16. With respect to paragraph 16 of the Complaint, Defendant denies the allegations therein.

17. With respect to paragraph 17 of the Complaint, Defendant denies the allegations therein.

18. With respect to paragraph 18 of the Complaint, Defendant denies the allegations therein.

19. With respect to paragraph 19 of the Complaint, Defendant denies the allegations therein.

20. With respect to paragraph 20 of the Complaint, Defendant admits that an employee contacted human resources to complain about Davis' treatment of a female employee, who was not the complainant and who was not Plaintiff. Defendant denies the remaining allegations in paragraph 20.

21. With respect to paragraph 21 of the Complaint, Defendant denies the allegations therein.

22. With respect to paragraph 22 of the Complaint, Defendant admits the allegations therein.

23. With respect to paragraph 23 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.

24. With respect to paragraph 24 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.

25. With respect to paragraph 25 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.

CORE/0810975.0085/150258103.1

26. With respect to paragraph 26 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.

27. With respect to paragraph 27 of the Complaint, Defendant denies the allegations therein. Defendant affirmatively states that Plaintiff never reported any retaliation to Defendant.

28. With respect to paragraph 28 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.

29. With respect to paragraph 29 of the Complaint, Defendant denies the allegations therein.

**COUNT I (Title VII)**
**(Sexual Harassment)**

30. Defendant incorporates by reference the previous portions of this Answer herein.

31. With respect to paragraph 31 of the Complaint, Defendant admits that Plaintiff is a female. The remaining allegations in paragraph 31 constitute a legal conclusion. Defendant denies the remaining allegations in paragraph 31.

32. With respect to paragraph 32 of the Complaint, Defendant denies the allegations therein.

33. With respect to paragraph 33 of the Complaint, Defendant denies the allegations therein.

34. With respect to paragraph 34 of the Complaint, Defendant denies the allegations therein.

35. With respect to paragraph 35 of the Complaint, Defendant denies the allegations therein.

36. With respect to paragraph 36 of the Complaint, Defendant denies the allegations therein.

CORE/0810975.0085/150258103.1

37. The allegations in paragraph 37 constitute a legal conclusion, and therefore Defendant denies the same.

38. With respect to paragraph 38 of the Complaint, Defendant denies the allegations therein.

**COUNT II (Title VII)**
**(Retaliation)**

39. Defendant incorporates by reference the previous portions of this Answer herein.

40. With respect to paragraph 40 of the Complaint, Defendant denies the allegations therein.

41. With respect to paragraph 41 of the Complaint, Defendant denies the allegations therein.

42. With respect to paragraph 42 of the Complaint, Defendant denies the allegations therein.

43. With respect to paragraph 43 of the Complaint, Defendant denies the allegations therein.

**COUNT III (ARIZONA CIVIL RIGHTS ACT)**

44. Defendant incorporates by reference the previous portions of this Answer herein.

45. With respect to paragraph 45 of the Complaint, Defendant admits the allegations therein.

46. With respect to paragraph 46 of the Complaint, Defendant admits the allegations therein.

47. With respect to paragraph 47 of the Complaint, Defendant denies the allegations therein.

48. With respect to paragraph 48 of the Complaint, Defendant denies the allegations therein.

49. With respect to paragraph 49 of the Complaint, Defendant denies the allegations therein.

50. With respect to paragraph 50 of the Complaint, Defendant denies the allegations therein.

CORE/0810975.0085/150258103.1

51. With respect to paragraph 51 of the Complaint, Defendant denies the allegations therein.

52. The allegations in paragraph 52 constitute a legal conclusion, and therefore Defendant denies the same.

53. With respect to paragraph 53 of the Complaint, Defendant denies the allegations therein.

## COUNT IV (ARIZONA CIVIL RIGHTS ACT)
### (Retaliation)

54. Defendant incorporates by reference the previous portions of this Answer herein.

55. With respect to paragraph 55 of the Complaint, Defendant denies the allegations therein.

56. With respect to paragraph 56 of the Complaint, Defendant denies the allegations therein.

57. With respect to paragraph 57 of the Complaint, Defendant denies the allegations therein.

58. With respect to paragraph 58 of the Complaint, Defendant denies the allegations therein.

59. Defendant denies any allegation not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint and each purported claim for relief stated therein fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by A.R.S. §§ 23-1502 and 41-1481(D).

4. Plaintiff's claims are barred to the extent she failed to exhaust the administrative remedies for some or all of the matters stated in the Complaint.

CORE/0810975.0085/150258103.1

5. Plaintiff's case is barred in whole or in part because Plaintiff entered into a valid mandatory arbitration agreement with Defendant.

6. Plaintiff's claims are barred in whole or in part by her failure to mitigate her damages.

7. Assuming *arguendo*, if harassment or retaliation occurred, Defendant did not know, nor should it have known, of the alleged conduct.

8. All acts taken by Defendant, if any, or anyone acting on its behalf, if any, with respect to Plaintiff were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate or retaliate, and for lawful and legitimate, nondiscriminatory reasons.

9. Plaintiff is not entitled to relief because to the extent she was subjected to sexual harassment, Defendant was not put on notice that such harassment was occurring, and Defendants did not authorize, ratify, or condone such conduct.

10. Plaintiff's claims are barred by the doctrines of estoppel and laches.

11. Plaintiff's damages are limited by any applicable statutory cap, including but not limited to, the statutory cap set forth in 42 U.S.C. § 1981a.

12. Defendant exercised reasonable care to prevent and promptly correct any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided to her like reporting the alleged conduct to the AlertLine.

13. Defendant did not take an adverse action against Plaintiff and she was not constructively discharged.

14. Plaintiff is not entitled to punitive damages because the alleged misconduct would be contrary to Defendant's good faith efforts to comply with Title VII and other relevant laws.

15. Defendant alleges those affirmative defenses in Rule 8 of the Federal Rules of Civil Procedure.

16. Defendant reserves the right to amend its Answer to add any applicable defenses revealed during discovery.

CORE/0810975.0085/150258103.1

1     WHEREFORE, Defendant demands a jury trial on all claims and judgment against Plaintiff as follows:

1. Dismissing the Complaint against Defendant with prejudice and that Plaintiff take nothing thereby;

2. For judgment against Plaintiff and in Defendant's favor;

3. For costs, disbursements and attorneys' fees; and

4. For such other relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 5th day of February, 2019.

                            **STINSON LEONARD STREET LLP**

                By:  /s/ *Carrie M. Francis*
                      Carrie M. Francis
                      Lonnie J. Williams, Jr.
                      1850 North Central Avenue, Suite 2100
                      Phoenix, Arizona 85004-4584
                      Attorneys for Defendant Bell Motors, L.L.C.

I hereby certify that on February 5, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court using the ECF system and e-served this same date to the following:

James Weiler
Michael Zoldan
Jessica Miller
Zoldan Law Group, PLLC
14500 N. Northsight Blvd., Suite 133
Scottsdale, Arizona 85260
Attorneys for Plaintiff


/s/ *Linda Holder*

CORE/0810975.0085/150258103.1