James Weiler, AZ Bar No. 034371
Michael Zoldan; AZ Bar No. 028128
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
JWeiler@zoldangroup.com
MZoldan@zoldangroup.com

Attorneys for Plaintiff
Makayla Waling

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Makayla Waling**, an Arizona resident, | Case No. CV-19-00210-PHX-SMB |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT REPORT** |
| **AN Chevrolet-Arrowhead, Inc. d/b/a Auto Nation Chevrolet Arrowhead,** a Delaware Corporation, | **(Assigned to the Hon. Susan M. Brnovich)** |
| Defendant. | |

Pursuant to the Court's February 6, 2019 Order Setting Rule 16 Case Management Conference, the undersigned have conferred and now submit this Joint Rule 26(f) Case Management Report.

**1.    The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;**

*Plaintiff*: James Weiler

*Defendant*: Jennifer Allen

**2.    A list of the parties in the case, including parent corporations or entities (for recusal purposes);**

Page **1** of **8**

CORE/0810975.0085/151489701.1

Plaintiff – Makayla Waling

Defendant – AN Chevrolet-Arrowhead, Inc. d/b/a Auto Nation Chevrolet Arrowhead is an affiliate of the publicly-owned Corporation AutoNation, Inc. AutoNation Enterprises, Inc. is also a shareholder of Defendant.

**3.     A Short Statement of the nature of the case (3 pages or less):**

*Plaintiff*: Plaintiff brings the following four counts in her Complaint: 1) Gender Discrimination – Sexual Harassment under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000; 2) Retaliation under Title VII; 3) Gender Discrimination – Sexual Harassment under the Arizona Civil Rights Act (ACRA), A.R.S. S41-1461; and 4) retaliation under the ACRA.  Beginning in November of 2017, Plaintiff was the recipient of constant sexual overtures from her direct supervisor Scott Davis.  The sexual harassment included inappropriate text messages, request for pictures, requests for her to walk by his office so he could look at her butt, the grabbing of her butt, and requesting to have sexual intercourse in a filing room. In February of 2018, Plaintiff reported Scott's conduct to the Company's Human Resource Department.  Plaintiff also reported this behavior to a co-worker, Laura, the Parts Department Manager.  Despite these reports, nothing was done to investigate or stop Scott's behavior.

On or about the end of March 2018, Plaintiff learned that another female employee, Kaylee, was also being sexually harassed by Scott.  After Kaylee informed the Defendant she was quitting as a result of the sexual harassment, Plaintiff was finally approached by the Defendant about the conduct she had been enduring for months.  Scott's employment was then terminated.  Unfortunately for Plaintiff, Scott's termination led to retaliation from numerous employees.   Plaintiff was called insulting names, had rumors spread about her

and was blamed for Scott's termination by other co-workers. Defendant did nothing to protect Plaintiff from the retaliation, insults and personal attacks. Due to the unpleasant, and outrageous working conditions to which she has been subjected to in retaliation for reporting sexual harassment Plaintiff could no longer continue her employment with Defendants.

*Defendant:* Defendant contends that the relationship between Scot Davis and Plaintiff was reciprocal and consensual. Moreover, Plaintiff never reported sexual harassment to Defendant. To the contrary, Defendant did not learn of the complained about communications between Davis and Plaintiff until Defendant approached Plaintiff in connection with complaints made by a third-party against Davis. Davis was terminated within two days of that third-party bringing Davis' conduct to Defendant's attention. Defendant has a mandatory harassment reporting policy and because Plaintiff failed to use that procedure and no adverse action was taken against her, Defendant has asserted the affirmative defense under *Faragher/Ellerth*. Moreover, Plaintiff never informed Defendant that her peers were retaliating against her in connection with Davis' termination, and Defendant knew nothing of the alleged retaliation until after Plaintiff terminated with Defendant. As far as Defendant was aware, Plaintiff terminated her position because she was going to school full-time.

**4.      Jurisdictional basis of the case;**

This Court has federal question subject matter jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

CORE/0810975.0085/151489701.1

**5.     Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;**

All parties have been served.

**6.     A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the case Management Conference for joining parties and amending pleadings);**

The parties do not expect to add additional parties to the case.

**7.     A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of evidence 702, 703, 704, and 705);**

None at this time.  However, both Parties are contemplating Motions for Summary Judgment after sufficient Discovery has taken place.

**8.     Whether the case is suitable for reference to a United States Magistrate Judge, for a settlement conference or trial;**

The parties are agreeable to reference to a United States Magistrate Judge for a settlement conference but not for trial.

**9.     The status of related cases pending before other courts or other judges of this Court;**

The parties are not currently aware of any other related pending cases before other courts or other judges of this Court.

**10.    A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of**

**electronically stored information and the form or forms in which it will be produced (see Rules 16(b)(3), 26(f)(3));**

Electronic discovery was discussed by the parties and there are currently no issues.

**11.   A discussion of any issues relating to claims of privilege or work product (see Rules 16(b)(3), 26(f)(3));**

None at this time.

**12.   A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;**

The parties do not believe a 502(d) order is warranted.

**13.   A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have a risen, a description of those issues so the Court may resolve them at the Rule 16 conference;**

The parties are in compliance to date with the MIDP. Currently, there are no issues under the MIDP.

**14.   A discussion of necessary discovery.  This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

**a.   The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;**

The parties have discussed the extent, nature, and location of discovery anticipated and do not currently have any issues or disputes regarding expected discovery requests.

**b.   Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;**

CORE/0810975.0085/151489701.1

The parties do not believe that any changes to the discovery limitations set forth by the Fed. R. Civ. P. nor the Local Rules are presently necessary.

**c.  The number of hours permitted for each deposition.  The parties should consider whether a total number of depositions hours should be set in the case, such as 20 total hours for Plaintiffs and 20 total hours for Defendants.  Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.**

The parties do not believe that a limit on the total number of deposition hours needs to be set at this time.

**15.  A Statement of when the parties served their MIDP discovery responses;**

Pursuant to an agreement to extend the deadline, Plaintiff served her MIDP responses on March 14, 2019; Defendant served its responses on March 15, 2019.

**16.  Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

**a.   A deadline for filing of any amended pleadings,**

**May 24, 2019**

**b.  A deadline for completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP,**

September 21, 2019

**c.  Dates for full and complete expert disclosures under Federal Rule of**

**Civil Procedure 26(a)(2)(A)-(C);**

Plaintiff to disclose experts by July 5, 2019.

Defendant to disclose experts by August 2, 2019

**d. A deadline for completion of all expert depositions;**

October 11, 2019

**e. A date by which the parties shall have engaged in face-to-face good faith settlement talks;**

July 19, 2019

**f. A deadline for filing dispositive motions;**

December 13, 2019

**17. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);**

Plaintiff has requested a jury and Defendant has not contested it.

**18. The prospects for settlement, including any requests to the Court for assistance in settlement efforts; and**

The parties intend to engage in good faith settlement talks. However, it is too early for the parties to assess the prospects for settlement. If both parties agree, they may request a settlement conference with a Magistrate Judge or mediator at any time.

**19. Any other matters which the parties feel will aid the Court in expediting the disposition of this matter efficiently.**

None at this time.

CORE/0810975.0085/151489701.1

RESPECTFULLY SUBMITTED March 22, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Makayla Waling

**STINSON LEONARD STREET, LLP**

By: /s/ Jennifer Allen *w/ permission*
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2019, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

By: /s/ Elizabeth Medina

CORE/0810975.0085/151489701.1